UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ESTHER GARCIA

                                    Plaintiff,          **FIRST AMENDED**
                  -against-                             **COMPLAINT AND**
                                                        **JURY DEMAND**
THE CITY OF NEW YORK, POLICE OFFICER                    09CV4188(FB)(JO)
MATEO, POLICE OFFICER JOSEPH SCHROECK,
SERGEANT HENG PEOU, SERGEANT ALAN
MYRTHIL, AND JOHN DOE #1                                 ECF CASE
                                    Defendants.

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of her rights

secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States

Constitution, and the laws and Constitution of the State of New York.

2.    The claims arise from a July 15, 2008 incident in which Officers of the New York City

Police Department ("NYPD"), acting under color of state law, intentionally and willfully

subjected plaintiff to, among other things, assault, battery, false arrest, and malicious

prosecution.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth

and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction and

supplementary jurisdiction over plaintiff's state law claims are asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

7.    Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8.    The City of New York is a municipal corporation organized under the laws of the State of New York.

9.    All other individual defendants ("the officers"), including John Doe ##1-3, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

10.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11.    Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12.    On January 23, 2009 at approximately 9PM, plaintiff was a passenger in a van traveling in the vicinity of Fulton St. and Kingston in Brooklyn, NY.  The van was pulled over by the

defendant officers and the driver was arrested for not being properly licensed. Officer Mateo then instructed plaintiff to contact someone who could come pick up the vehicle since the driver was arrested and plaintiff did not have a license. Plaintiff began searching for contact information of the driver's family when Officer Mateo pulled the passenger side door open, physically pulled plaintiff from the car and shoved her against the side of the van.

13. Once outside the vehicle, officer Mateo conducted a pat down search of plaintiff and placed his hands inside plaintiff's pockets. Officer Mateo then placed a handcuff on plaintiff's right wrist and continued to violently swing plaintiff's handcuffed arm. Eventually another officer grabbed plaintiff's other arm and properly handcuffed her.

14. Plaintiff was transported to the 79th precinct where she was subjected to two more humiliating and degrading searches, including lifting up her shirt and bra in the presence of female and male officers. The following day, plaintiff was taken to central booking where she was let out the back door without ever seeing a judge. The district attorney declined to prosecute plaintiff.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story and falsely charge plaintiff with offenses, to justify the injuries.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

17.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

      a.      Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

      b.      Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

      c.      Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

      d.      Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

      e.      Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

      f.      Loss of liberty;

      g.      Physical pain and suffering;

      h.      Lost wages and attorney's fees.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

18.   The above paragraphs are here incorporated by reference.

19.   Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

20.    Defendants falsely arrested plaintiff, unlawfully imprisoned her and used excessive force against plaintiff, and failed to intervene in each other's obviously illegal actions.

21.    Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

22.    The above paragraphs are here incorporated by reference.

23.    The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

24.    The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

25.    The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers.  Nevertheless, the City has allowed policies and practices that allow the

aforementioned to persist.

26.   For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

27.   The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

28.   Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in

their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

29.    The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's complaints to the IAB from the first day of the incidents complained of, the City has failed to remedy the wrong.

30.    Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

### THIRD CAUSE OF ACTION
(ASSAULT)

31.    The above paragraphs are here incorporated by reference.

32.    Defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and offensive touching.

33.    Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(BATTERY)

34.    The above paragraphs are here incorporated by reference.

35.    Defendants engaged in and subjected plaintiff to immediate harmful and offensive touching and battered her.

36.    Plaintiff was damaged by defendants' battery.

## FIFTH CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

37.   The above paragraphs are here incorporated by reference.

38.   Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

39.   Defendants intended to confine plaintiff.

40.   Plaintiff was conscious of the confinement and did not consent to it.

41.   As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## SIXTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

42.   The preceding paragraphs are here incorporated by reference.

43.   Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

44.   Defendants had no reasonable chance at prevailing against plaintiff.

45.   All criminal charges were terminated in plaintiff's favor.

46.   As a result of the malicious prosecution, plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

47.   All preceding paragraphs are here incorporated by reference.

48.   Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

49.   A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under

those sections.

## EIGHTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

50.    The preceding paragraphs are here incorporated by reference.

51.    Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

52.    As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## NINTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

49.    The above paragraphs are here incorporated by reference.

50.    Defendant officers had a bad disposition and the City knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring and retention process.

51.    Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injuries.

52.    Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force and to make false arrests.

53.    The injuries to plaintiff were caused by the officers' foreseeable use of excessive force.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's

causes of action;

      B.     Awarding plaintiff punitive damages in an amount to be determined by a jury;

      C.     Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

      D.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:     Brooklyn, New York
              January 6, 2010

TO:   New York City
      Officer Mateo
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Officer Schroeck
      Sgt. Peou
      Sgt. Myrthil
      79th Precinct
      263 Tompkins Avenue
      Brooklyn NY 11221

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Nicole Bellina (NB7154)
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com